UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-508 JVS (RNBx) | Date | July 14, 2011 |
| Title | Virginia Velazquez, et al. V. Costco Wholesale Corp., et al. | | |

Present: The Honorable   James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers)** **Order Granting in Part and Denying in Part Defendant's Motion to Dismiss or Strike Second Amended Complaint (Fld 6-13-11)**

Defendant Costco Wholesale Corporation ("Costco") moves to dismiss the First Amended Complaint ("FAC") or strike class allegations in the FAC of Plaintiffs Virginia Velazquez et al. ("Plaintiffs"). Plaintiffs oppose.

I.      Legal Standard

    A.      Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (May 18, 2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Nor must the Court "accept as true a legal conclusion couched as a factual allegation." Id. at 1949-50 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 11-508 JVS (RNBx)                                    Date   July 14, 2011

Title    Virginia Velazquez, et al. V. Costco Wholesale Corp., et al.

must "determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

    B.    Motion to Strike

Under Rule 12(f), a party may move to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). The grounds for a motion to strike must appear on the face of the pleading under attack, or from matters which the Court may take judicial notice. SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993); Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). In the class action context, a defendant may move to strike class allegations prior to discovery, provided that the complaint demonstrates that the class action cannot be maintained on the facts alleged. Sanders v. Apple, Inc., 672 F. Supp.2d 978, 990 (N.D. Cal. 2009).

II.    Discussion

Plaintiffs, representing a putative class of California "Receiving Managers" ("RMs") employed by Costco since April 4, 2007, bring four claims against Costco. Plaintiff Velazquez worked for Costco as an RM from 2005 to April 30, 2007. (FAC ¶ 5.) Plaintiff Steven Berry worked as an RM in 2007. (Id.) Plaintiff Ed Whitaker worked as an RM from 2005 to on or about August 2006. (Id.) Plaintiffs' theory is that "[a]lthough Costco labels certain employees as 'managers'", RMs spend more than "fifty percent of each shift performing tasks that are identical to those of non-salaried Costco employees." (Id. at ¶ 23.)[1] Plaintiffs bring claims for (1) failure to pay overtime compensation in violation of California Labor Code sections 510, 515, 1194(a), and

---

[1] Despite Costco's caption dismissing or striking the Second Amended Complaint, Costco has clarified that it seeks to dismiss or strike allegations in the First Amended Complaint, lodged with the Court on May 31, 2011. (Def.'s Reply Br. 1, n.2.) The Court treats the First Amended Court as filed with the Court, even though it was only lodged by Plaintiffs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 11-508 JVS (RNBx)         Date   July 14, 2011

Title    Virginia Velazquez, et al. V. Costco Wholesale Corp., et al.

1198; (2) failure to provide accurate itemized wage statements in violation of Labor Code section 226; (3) failure to produce continuing wages under Labor Code section 203; and (4) unfair competition under California Business and Professions Code sections 17200 et seq. ("UCL").  (Docket No. 15.)

Costco argues that Plaintiffs' class action allegations are barred by the doctrine of collateral estoppel because of the court's decision in Drenckhahn v. Costco Wholesale Corp., No. CV 08-01408 JHN (SSx) (C.D. Cal. Dec. 26, 2007).  (FAC ¶ 3.)  Drenckhahn began on December 26, 2007 and a class was conditionally certified in the FLSA collective action on March 31, 2010.  (Def.'s RJN, Ex. J, at 10.)  The court did not certify a Rule 23 class for related state law claims.  (Id.)  Plaintiffs alleged that Costco RMs filed "as a putative class and collective action" for failure to provide overtime compensation under California law and the Fair Labor Standards Act ("FLSA").  (Id., Ex. A., at 2.)  Plaintiff Jesse Drenckhahn ("Drenckhahn") sought relief for seven causes of action, including the four at issue here.  (Id.)  Plaintiffs in this case opted in to the FLSA class on August 13, 2010.  (Kadue Decl., Ex. 2.)  On September 14, 2010, the collective action class was decertified.  (Def.'s RJN, Ex. J., at 18.)  The parties proceeded with a jury trial of Drenckhahn's individual claims.  The trial concluded on January 13, 2011 with a verdict for Drenckhahn.  (Id. at 26.)

Costco moves to strike class action allegations on the basis of: collateral estoppel; failure to comply with pleading requirements; and "to the extent they would apply a four-year class period to the first three claims"; as well as allegations "irrelevant" to RMs.  (Def.'s Mot. Br. 1.)[2]  Costco also moves to dismiss claims because:  the Labor Code violations are time-barred (or should be stricken because the Plaintiffs are time-barred from serving as class representatives); the UCL claim lacks timely predicate harms; and the claim for violations of Labor Code section 226 fails to state a claim.

    A.    Collateral Estoppel

---

[2] The Court reminds Costco that it must comply with the Local Rules for all briefing.  Local Rule 11-3.1.1 requires all documents to be written in a proportionally spaced font of size 14-point or larger or a monospaced font.  The font size in Costco's motion and reply briefs appears to be smaller than 14-point font.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-508 JVS (RNBx) | Date | July 14, 2011 |
| Title | Virginia Velazquez, et al. V. Costco Wholesale Corp., et al. | | |

Costco argues that the class action allegations should be stricken because the requirements for issue preclusion are met. That is, Costco argues that Plaintiffs had (1) a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in that action; (3) the issue was lost as a result of a final judgment in that action; and (4) the persons against whom collateral estoppel is asserted in the present action were parties or in privity with a party in the previous action. Kendall v. Visa U.S.A., Inc. 518 F.3d 1042, 1050 (9th Cir. 2008). "The burden is on the party seeking to rely upon issue preclusion to prove each of the elements have been met." Id. The Court examines each requirement in turn.

      1.      Full and Fair Opportunity

To determine whether an issue was litigated in a prior action, the Ninth Circuit has held that certain factors should be considered. Kamilche Co. v. U.S., 53 F.3d 1059, 1062 (9th Cir. 1995). These factors include whether there is a "substantial overlap" between the argument to be advanced in the second proceeding as was advanced in the first; whether the argument involves the same rule of law as in the prior proceeding; whether pretrial preparation and discovery in the first action embraced the matter presented in the second; and whether the claims involved in the two proceedings are closely related.

Costco argues that not only are the issues in Drenckhahn and the present action identical, but Plaintiffs had an opportunity to litigate them in Drenckhahn. Costco maintains that Plaintiffs had a full and fair opportunity to litigate "class certification and decertification of a conditionally certified collective action," which Costco believes is also at issue here. (Def.'s Mot. Br. 4.) Costco argues that the "Drenckhahn plaintiff alleged that Costco misclassified California RMs." (Id.) This case also concerns classification of RMs. Therefore, according to Costco, the central issue was already litigated in the previous action.

Plaintiffs argue that the Drenckhahn court "never fully addressed the requirements of Rule 23 certification" because the court granted collective action certification. (Pls.' Opp'n Br. 11.) It is clear that Plaintiffs' *individual* claims were not litigated in Drenckhahn, but whether the *class claims* are also barred is less clear.

In its briefing, Costco argues that the issues decided in the first action "encompass the issues presented here, in the second action – the issues going to whether there is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-508 JVS (RNBx) | Date | July 14, 2011 |
|---|---|---|---|

| Title | Virginia Velazquez, et al. V. Costco Wholesale Corp., et al. |
|---|---|

sufficient commonality to justify a class action." (Defs.' Reply Br. 5.) As shown below, because the FLSA class was conditionally certified and then decertified, the Court cannot on this showing hold that Plaintiffs had an opportunity to litigate the Rule 23 class issue. Moreover, the Court finds that Mauro v. Fed. Ex. Corp., et al., No. 08-8526 DSF (PJWs), 2009 WL 1905036, at * 4 (C.D. Cal. June 18, 2009) , cited by Costco, actually supports the result here. That is, in that case the court made a ruling on a Rule 23 case and then applied collateral estoppel to a second case also involving Rule 23 issues. Here, by contrast, the Drenckhahn court never certified a Rule 23 class. Therefore, the Court's position is consistent with Mauro and Plaintiffs are not collaterally estopped from bringing this action.

Costco has not met its burden as to this first requirement for collateral estoppel: while both cases concern Costco's alleged practices of calling employees "managers" to qualify for an exemption under certain labor laws, Plaintiffs never had an opportunity to litigate these issues as a Rule 23 class. Costco argues Plaintiffs have conceded that Drenckhahn proceeded on behalf of a "similar, if not identical, proposed class." (Def.'s Mot. Br. 5, citing to FAC ¶ 3.) With respect to privity, even if some issues were similar, the fact that the class dissolved a month after Plaintiffs joined does not mean that Plaintiffs had a full and fair opportunity to litigate their claims.

    2.    Issue Actually Litigated; Final Judgment

The parties do not appear to dispute either of these issues, but because Plaintiffs' Rule 23 issues were not *actually* litigated before decertification of the collective action took place, Costco has not met its burden here. In Smith v. Bayer Corp., — S. Ct. —, 2011 LEXIS 4559 (June 16, 2011), the Supreme Court considered whether the issue decided in the federal court – whether a proposed class met the requirements of *federal* Rule 23 – was different from the issue to be considered in state court – whether the proposed class satisfied *West Virginia* Rule 23. Id. at * 20. The Court held that if the two legal standards differed, the federal court had resolved an issue not before the state court and therefore the outcome could not bind the state court. Id.

Here, similarly, the issues resolved in Drenckhahn are not before the Court. During oral argument, counsel for Velazquez noted that in Drenckhahn, the court never reached the issue of Rule 23 certification but instead only certified a collective action for the FLSA claims. On the present record, the Court is not prepared to hold that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 11-508 JVS (RNBx)   Date   July 14, 2011

Title   Virginia Velazquez, et al. V. Costco Wholesale Corp., et al.

Drenckhahn court actually addressed the issues presented here under Rule 23. Nor is the Court prepared to conclude at the pleading stage that an unfavorable FLSA ruling necessarily bars a Rule 23 class. See Hill v. R??L Carriers, Inc., 690 F. Supp. 2d 1001, 1009 (N.D. Cal. 2010). Accordingly, this requirement is not satisfied and therefore the Court declines to apply collateral estoppel.

    3.    Privity

The Ninth Circuit has held that "[p]rivity represents a legal conclusion that the relation between the party and non-party is so close that the judgment may fairly bind the non-party." Class Plaintiffs v. Seattle, 955 F.2d 1268, 1277-78 (9th Cir. 1992) (citations omitted). The parties dispute whether Plaintiffs have privity with the plaintiff in Drenckhahn. Costco argues that Plaintiffs are in privity with Drenckhahn because Plaintiffs opted into the Drenckhahn case five months after the FLSA class was conditionally certified; two of the three Plaintiffs acted as trial witnesses; Plaintiffs' counsel represented Drenckhahn; and Drenckhahn opposed decertification of the collective action. (Def.'s Reply Br. 2.)

Plaintiffs argue that the Supreme Court's decision in Smith compels a different result. Smith, 2011 LEXIS 4559, at * 26-35 (June 16, 2011). They argue that "collateral estoppel *cannot* be used to preclude a class action from proceeding from a separate court's earlier denial of certification." (Pls.' Opp'n Br. 2, citing to Smith, supra) (emphasis in original). In that case, the Supreme Court considered two circuit splits "arising from the application of the Anti-Injunction Act's relitigation exception" and addressed "the scope of the rule that a court's judgment cannot bind nonparties." Smith, 2011 U.S. LEXIS 4559, at * 12.

In Smith, a federal district court had "enjoined a state court from considering a plaintiff's request to approve a class action." Id. at * 7. The Court found that the plaintiff in the state court action "did not have the requisite connection to the federal suit to be bound by the District Court's judgment." Id. The Court held that "[n]either a proposed class action [n]or a rejected class action may bind nonparties." Id. at * 30. The Court also held, "We could hardly have been more clear that a 'properly conducted class action,' with binding effect on nonparties, can come about in federal courts in just one way – through the procedure set out in Rule 23 . . . ." Id. at * 31. Plaintiffs argue that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 11-508 JVS (RNBx)                                   Date   July 14, 2011

Title   Virginia Velazquez, et al. V. Costco Wholesale Corp., et al.

because they were "unnamed members of a proposed but uncertified class," they should not be bound by the decisions in Drenckhahn. (Pls.' Opp'n Br. 3.)

Smith's relevance is clear: where there is no class, putative class members cannot be bound by decisions in another court. In this case, there was a successful certification motion for an FLSA collective action, and Costco successfully moved to decertify the class. Although the current Plaintiffs were involved in the earlier case and happen to be represented by the same counsel, they are not connected in such a way that the outcome should prevent them from litigating their claims here. Accordingly, the Court finds that the claims at issue here are not precluded by the doctrine of collateral estoppel. Therefore, the Court denies Costco's request to strike class action allegations.[3]

    B.    Pleading Requirements

Costco argues that the FAC fails to comply with Federal Rules of Civil Procedure 23 and 8(a)(2).[4] Rule 23(a) requires a showing of (1) numerosity; (2) common questions of law or fact; (3) typical claims or defenses of representative parties; and (4) adequate class representation. Fed. R. Civ. P. 23(a)(1). Plaintiffs allege that individual joinder is impracticable (FAC ¶ 37); that common questions of fact and law predominate (and enumerates several specific issues)(id. at ¶ 39); that Plaintiffs will fairly and adequately protect the interests of the class members (id. at ¶ 38); and that Plaintiffs' claims are typical (id. at ¶ 40). Plaintiffs argue that they have satisfied the requirements, alleging numerosity (nearly 400 class members) (FAC ¶ 37); common questions (twenty-seven common issues) (id. at ¶ 39) as well as why their claims are typical (id. at ¶ 41-42) and adequacy of representation (id. at ¶¶ 23-26).

Despite this showing, Costco asks the Court to strike class action allegations because the facts do not support certification under Rule 23(a). Specifically, Costco maintains that the FAC makes cursory allegations that do not satisfy Rule 23(a). (Def.'s

---

    [3] Costco's view of the preclusive effect on an earlier class action would render the right to opt out meaningless.

    [4] Defendants cite to Anderson v. Blockbuster, Inc., 2010 WL 1797249, at *3-4, No. 10-00158 MCE (E.D. Cal. May 4, 2010) for the proposition that a class action complaint may be dismissed for failing to meet the pleading requirements. That case is distinguishable because Plaintiffs have done more than "merely give[ ] a final legal conclusion referencing Defendant." Id. at *3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 11-508 JVS (RNBx)                                Date   July 14, 2011

Title   Virginia Velazquez, et al. V. Costco Wholesale Corp., et al.

Mot. Br. 12-14.) The Court finds that Costco's plea for a greater level of specificity is unwarranted at this stage of the litigation. (Def.'s Mot. Br. 14.)

Costco also argues that the allegations do not satisfy Rule 23(b), which governs types of class actions in which (1) there is a risk of substantial prejudice from separate actions; (2) declaratory or injunctive relief benefitting the class as a whole would be appropriate; (3) common questions of law and fact predominate over questions affecting individual class members and the class action is superior to other available methods for adjudicating the controversy. Fed. R. Civ. P. 23(b). Costco argues that Plaintiffs' allegations stating that separate actions would be prejudicial are inadequate. (Def.'s Mot. Br. 15, citing to FAC ¶ 44.) The Court disagrees. These allegations are simple but sufficient and will not be stricken. Accordingly, the Court finds that the pleading requirements under Rule 23 and Rule 8 are satisfied.

    C.    Labor Code Claims

The statute of limitations for Labor Code section 226 is one year. Cal. Code Civ. Proc. § 340. The statute of limitations for all Labor Code claims other than section 226 is three years. Id. at § 338(a). Plaintiffs allege that equitable tolling applies to their individual claims during the pendency of Drenckhahn, filed in December of 2007. (FAC ¶ 3.) In determining whether the Labor Code claims are still viable, both parties cite to American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 552-53 (1974) and Crown, Cork & Seal, Inc. v. Parker, 462 U.S. 345 (1982). Those cases stand for the proposition that filing a class action tolls the statute of limitations for persons who, at some point later in time, file their own independent actions.

Here, Plaintiffs allege causes of action for employment that ended, at the latest, in June 2007. (FAC ¶ 5.) From December 26, 2007 to March 31, 2010, Plaintiffs' claims were subject to tolling. (Id. at ¶ 3.) As to the section 226 claims, Plaintiffs cannot allege equitable tolling because they did not bring their claims within the one-year limitation. Plaintiff Berry, the last of the named Plaintiffs to stop working as an RM, resigned in June of 2007. The statute started to run at that time. With the filing of Drenckhahn, six months later, the statute was tolled. The statute was tolled until March of 2010. Berry was then obligated to file any section 226 claims within the remaining months of that one-year period. By September of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-508 JVS (RNBx) | Date | July 14, 2011 |
|---|---|---|---|
| Title | Virginia Velazquez, et al. V. Costco Wholesale Corp., et al. | | |

2010, the statute had run. Plaintiffs did not file until April of 2011. Because other named Plaintiffs had ended their time as RMs earlier, their claims for section 226 violations would be barred by the statute as well. However, Plaintiffs are still within the three-year period for the other labor claims in the first and third claims. Accordingly, Plaintiffs' section 226 claims are dismissed without prejudice. The other Labor Code violations remain viable.

      D.    UCL Claim

Costco argues that Plaintiffs allege no predicate claim upon which to base a UCL claim. The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. An act can be alleged to violate any or all of the three prongs of the UCL — unlawful, unfair, or fraudulent. "A plaintiff alleging unfair business practices . . . must state with reasonable particularity the facts supporting the statutory elements of the violation." Khoury v. Maly's of Cal., Inc., 17 Cal. Rptr. 2d 708 (Ct. App. 1993). Plaintiffs allege a violation under the first two prongs.

First, the UCL prohibits "unlawful" practices that are forbidden by any law. Saunders v. Superior Court, 27 Cal. App. 4th 832, 838 (Ct. App. 1994). The statute "borrows" violations of other laws and treats them as actionable. Cel-Tech Commc'ns v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999). Plaintiffs have alleged viable Labor Code violations sufficient to establish the "unlawful" prong of the UCL. The first and third causes of action have survived this motion to dismiss.

Second, unfair conduct is conduct "whose harm to the victim outweighs its benefits." Saunders, 27 Cal. App. 4th at 839. Plaintiffs have alleged unfair conduct in that they allege that "Costco's conduct of requiring certain employees to work an excessive amount of hours in the absence of overtime, without providing accurate itemized wage statements . . . constitutes unfair competition and/or unlawful and unfair acts." (FAC ¶ 68.) Plaintiffs may seek restitutionary relief.[5] Accordingly, the motion to dismiss the UCL claims is denied.

---

[5] Costco argues that Plaintiffs cannot seek injunctive relief; Plaintiffs do not appear to do so. (See FAC ¶ 1, "for an order that Costco pay restitution of sums to Plaintiffs . . . .").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 11-508 JVS (RNBx)                            Date   July 14, 2011

Title     Virginia Velazquez, et al. V. Costco Wholesale Corp., et al.

  E. References to "Non-Exempt" Managers

  Costco argues that references in FAC paragraphs 17 and 30 to "salaried non-exempt managers" should be stricken. (Def.'s Mot. Br. 23.) Costco's reasoning is that the allegations "serve no purpose other than to confuse." (Id.) Plaintiffs concede that they are "seeking relief only on behalf of a class of [r]eceiving [m]anagers, but that does not mean the allegations pleaded in the First Amended Complaint concerning Costco's other managers have no bearing on the controversy before the Court . . . ." (Pls'. Opp'n Br. 25.) The Court believes Costco's arguments are insufficient under Rule 12(f), and accordingly declines to strike these references.

III. Conclusion

  Costco's motion is granted in part and denied in part. The Court grants without prejudice the Motion to Dismiss as to Labor Code section 226 but denies the motion as to the other Labor Code claims. The alternative Motion to Strike is denied. Plaintiffs shall file their Second Amended Complaint within 45 days of the issuance of this order.

  : 00

Initials of Preparer kjt