| | | | |
|---|---|---|---|
| Case No. | **SACV 11-00508-JVS (RNBx)** | Date | October 11, 2011 |
| Title | **Virginia Velazquez, et al. v. Costco Wholesale Corp., et al.** | | |

| | |
|---|---|
| Present: The Honorable | James V. Selna |

| | |
|---|---|
| Karla J. Tunis | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers)
Order Denying Plaintiffs' Motion for Class Certification (fld 8-3-11) and Granting Defendant's Motion for Order to Deny Class Certification (fld 8-15-11)

Plaintiffs Virginia Velazquez, Steven Berry, and Ed Whitaker filed a motion for class certification, which Defendant Costco Wholesale Corporation opposes. Costco also filed a separate motion to deny class certification, which Plaintiffs oppose. In addition, Plaintiffs and Costco each filed a request for judicial notice, and evidentiary objections to the opposing party's evidence.

The Court grants each party's request for judicial notice.

For the reasons set forth below, the Court concludes that Plaintiffs have not carried their burden with respect to class certification under Federal Rule of Civil Procedure 23. Accordingly, Plaintiffs' motion is denied and Costco's motion is granted.

I. Background

Plaintiffs are former "Receiving Managers" ("RMs") at Costco. They filed this suit individually, and on behalf of a putative class of current and former California RMs employed by Costco since April 4, 2007. Plaintiff Velazquez worked for Costco as an RM from 2005 to April 30, 2007. (SAC ¶ 5.) Plaintiff Steven Berry worked as an RM in 2007. (Id.) Plaintiff Ed Whitaker worked as an RM from 2005 to on or about August 2006. (Id.)

Plaintiffs seek certification of the following class: "all individuals who, at any time during the four years preceding the filing of the Complaint, were or have been employed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-00508-JVS (RNBx)** | Date | October 11, 2011 |
|---|---|---|---|
| Title | **Virginia Velazquez, et al. v. Costco Wholesale Corp., et al.** | | |

as receiving managers by Costco within the State of California." (Id. ¶ 34.)

Plaintiffs' theory is that "[a]lthough Costco labels certain employees as 'managers'", RMs spend more than "fifty percent of each shift performing tasks that are identical to those of non-salaried Costco employees." (Id. ¶ 22.) Plaintiffs contend that the RMs spend a small fraction of time on managerial duties, yet are paid no overtime for working over forty hours per week. (Id. ¶ 23.) Plaintiffs allege that RMs are required to do tasks alongside warehouse workers, including unloading and inspecting merchandise, stocking inventory, and assisting customers. (Id.) Each year that Costco misclassifies its RMs as exempt or requires them to work overtime hours, Plaintiffs contend that Costco violates California labor laws. (Id. ¶ 29.)

Based on these allegations, Plaintiffs bring claims for (1) failure to pay overtime compensation in violation of California Labor Code sections 510, 515, 1194(a), and 1198; (2) failure to produce continuing wages under Labor Code section 203; and (3) unfair competition under California Business and Professions Code sections 17200 et seq. ("UCL"). (Doc. No. 39.)

II.     Legal Standard

A motion for class certification involves a two-part analysis. First, Plaintiffs must demonstrate that the proposed class satisfies the requirements of Rule 23(a): (1) the members of the proposed class must be so numerous that joinder of all claims would be impracticable; (2) there must be questions of law and fact common to the class; (3) the claims or defenses of the representative parties must be typical of the claims or defenses of absent class members; and (4) the representative parties must fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Second, Plaintiffs must meet the requirements of at least one of the subsections of Rule 23(b). Here, Plaintiffs contend that the class qualifies under Rule 23(b)(3), under which a class may be maintained where "questions of law or fact common to class members predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Plaintiffs bear the burden of demonstrating they meet each of the requirements of Rule

23(a) as well as the predominance and superiority requirements of Rule 23(b).  See Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001), amended by 273 F.3d 1266 (9th Cir. 2001).  The Court must conduct a rigorous analysis to determine whether the prerequisites of Rule 23 have been met.  Gen. Tel. Co. v. Falcon, 457 U.S. 147, 161 (1982).  After a rigorous analysis, Rule 23 confers "broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court."  Armstrong v. Davis, 275 F.3d 849, 872 n.28 (9th Cir. 2001).

In Falcon, the Supreme Court reiterated the well-recognized precept that "'the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'"  Falcon, 457 U.S. at 160 (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 469 (1978)).  Nevertheless, there is "nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action."  Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177 (1974).

Mindful of Plaintiffs' evidentiary burden to establish the requirements under Rule 23(a) and Rule 23(b), the Court begins its analysis.

III.    Discussion

   A.    Evidentiary Objections

Each party strongly objects to evidence submitted by the opposing party.  By granting the requests for judicial notice, the Court has mooted some of the objections (e.g., objections to documents previously admitted at trial in Drenkhahn v. Costco, No. CV 08-01408 JHN (SSx)).  Although the Court need not rely on much of the objected-to evidence at this stage, especially in light of the Court's limited ruling regarding predominance, to the extent the Court relies on evidence to which the parties object, the Court overrules the objections.  This is because at the class certification stage, the Court makes no findings of fact, nor any ultimate conclusions on Plaintiffs' claims, and the Court may consider inadmissible evidence.  Keilholtz v. Lennox Hearth Prods., 268 F.R.D. 330, 337 n.3 (N.D. Cal. 2010).

  B. <u>California</u> <u>Labor</u> <u>Code</u>

  Before analyzing whether Plaintiffs meet their burden under Rule 23, the Court briefly reviews the relevant California Labor Code provisions to inform the discussion of whether Plaintiffs share common legal and factual issues.

  California Labor Code § 510(a) mandates overtime pay for any work over eight hours in one workday, over 40 hours in one workweek, or on the seventh day of work in one workweek, subject to certain exceptions. The California Industrial Welfare Commission ("IWC") may establish exceptions to this overtime rule for "executive, administrative, and professional employees." Cal. Lab. Code § 515(a). An employee exempt from the overtime rule must be "primarily engaged in the duties that meet the test of the exemption, customarily and regularly exercise[ ] discretion and independent judgment in performing those duties, and earn[ ] a monthly salary equivalent to no less than two times the state minimum wage for full-time employment." <u>Id.</u> "Primarily engaged in" means "more than one-half of the employee's worktime" should be spent on such exempt duties. Cal. Lab. Code § 515(e).

  Also relevant to this case, the IWC enacted Wage Order 7-2001, which exempts "executive employees" from overtime pay requirements. Cal. Code Regs. tit. 8, § 11070, subd. 1.(A). An executive employee is one (1) whose duties involve management of the enterprise; (2) who regularly supervises two or more employees; (3) who has the authority to hire or fire other employees or to make meaningful recommendations as to hiring, firing, advancement, and promotion; (4) who regularly exercises managerial discretion, and (5) who is primarily engaged in exempt duties, as defined by federal regulations. Cal. Code Regs. tit. 8, § 11070, subd. 3.(A)(1).

  Plaintiffs argue that they are misclassified as exempt employees, and thus must be paid according to the overtime rule in § 510(a). Costco responds that RMs fall under the executive employee exception, and are thus not eligible for overtime pay.

  C. <u>Rule</u> <u>23(b)(3)</u>

  For present purposes, the Court assumes that Plaintiffs could satisfy the requirements of Rule 23(a). Thus, the discussion focuses on predominance under Rule

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 11-00508-JVS (RNBx)** | Date | October 11, 2011 |
| Title | **Virginia Velazquez, et al. v. Costco Wholesale Corp., et al.** | | |

23(b)(3).[1]

As mentioned above, Plaintiffs seek certification under Rule 23(b)(3). A class may be certified under this subdivision where common questions of law and fact predominate over questions affecting individual members, and where a class action is superior to other means to adjudicate the controversy. Fed. R. Civ. P. 23(b)(3). "'Subdivision (b)(3) encompasses those cases in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results'" Kamm v. Cal. City Dev. Co., 509 F.2d 205, 211 (9th Cir. 1975) (quoting Committee notes).

      1.    Predominance of Common Questions

The "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623 (1997). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is a clear justification for handling the dispute on a representative rather than on an individual basis." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1022 (9th Cir. 1998) (internal quotation marks omitted).

      a.    Summary of Parties' Arguments

Plaintiffs argue that common issues predominate because Plaintiffs' claims arise solely from the standardized nature of RM work, which Costco requires each RM to

---

[1] The parties' arguments regarding Rule 23(a) suggest that Plaintiffs may have trouble carrying their burden on commonality given the individual differences in RM workload, as discussed below with respect to Rule 23(b)(3). Although the commonality test under Rule 23(a)(2) is not as stringent as the predominance test under Rule 23(b)(3), the Court questions whether Plaintiffs claims "depend upon a common contention . . . that is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011). While Plaintiffs share a common contention, that they are non-exempt based on the nature of generic RM duties, a determination of the exempt or non-exempt status of certain duties will not resolve an issue central to the validity of each Plaintiff's claim, because the central question will remain whether each RM spends a majority of his or her time on exempt duties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-00508-JVS (RNBx)** | Date | October 11, 2011 |
|---|---|---|---|
| Title | **Virginia Velazquez, et al. v. Costco Wholesale Corp., et al.** | | |

perform for forty-five to fifty hours per week without overtime pay. (Pl. Mot. at 17-18.) Plaintiffs' claims also concern the "routine, standardized nature of [RM] work itself and whether such work falls within an overtime exception." (Id. at 18-19.) Plaintiffs support their argument by citing the following facts: (1) Costco's receiving manual, describing "99 percent" of how all work in the receiving department should be performed; (2) RM salaries, when reduced to an hourly rate, approximate those of non-exempt hourly workers; and (3) multiple employees simultaneously exercise supervisory control over a small department, making the "putative" managers non-exempt. (Id. at 19.) Plaintiffs argue that whatever the mix of RM duties, each RM is always categorically non-exempt, and thus misclassified. (Id.) Plaintiffs contend it is more sensible to address this question, whether all RMs are categorically non-exempt based on the nature of the job, once, for all RMs simultaneously, rather than in separate, subsequent suits.[2] (Id. at 20.)

Costco argues that individual issues predominate because Plaintiffs lack common proof on any unlawful practices. (Opp'n at 13.) Costco points to its main defense, the executive exemption, pointing out that its applicability cannot be resolved with collective proof. (Id.) Costco also argues that RM work activities vary considerably because there is no common procedure for how each RM should spend the day. (Id. 13-14.) Costco also points out differences in the number of hours each RM works, the degree to which each RM regularly performs exempt tasks, including managing resources and overseeing safety issues, as well as other discretionary functions, and the amount of time spent on non-exempt tasks such as working with the inventory.[3] (Id. at 16-17.)

With respect to the receiving manual, Costco argues that 99 per cent of the tasks are not outlined in the manual, and even for the responsibilities described, only general descriptions are given, with determination of how to accomplish the tasks left up to the individual RM's discretion (e.g., supervising employees, scheduling deliveries, handling security items, and training employees). (Id. at 18.) Costco further contends that the existence of payroll budgets does not demonstrate that RMs spend a majority of their time performing non-managerial work, and the employment of other managers and

---

[2] Plaintiff reiterates these arguments in opposition to Costco's Motion to Deny Class Certification. (Doc. No. 43.)

[3] Costco elaborates on all of these points in its Motion to Deny Class Certification. (Doc. No. 31.)

supervisors does not remove each RM's discretion and independent judgment. (Id. at 19-20.)

Plaintiffs reply that because Costco fails to establish four elements of the executive exemption test, the Court need not reach the individual question of the specific mix of work performed by each RM. (Reply at 2.) Moreover, Plaintiffs argue that the other four elements can be proved on a common basis (i.e., proof demonstrating the extent of discretion each RM is afforded, RM salary, and number of subordinate employees). (Id.)

      b.      Analysis

On the present record, the overarching questions in this litigation appear to involve a mix of common and individual issues. First, Plaintiffs' blanket misclassification claim turns on whether the RM role is inherently non-exempt based on the nature of RM duties. This question may be resolved through common proof because the question turns on whether certain enumerated duties are exempt or non-exempt, not the extent to which each RM performs such duties. See Sav-On Drug Stores v. Superior Court, 34 Cal. 4th 319, 329-30 (2004).

In Sav-On, where the employer sought to focus on the mix of duties undertaken by each class member, the California Supreme Court found no abuse of discretion where the trial court found common issues predominated. Id. at 329. The predominant issues were whether Sav-On implemented an improper blanket reclassification and whether duties uniformly performed by managers were managerial or non-managerial. On the record in that case, the issue of duty classification predominated over the need to examine each individual manager's mix of duties.

With respect to the question of whether generic RM duties are exempt or non-exempt, this case is similar to Sav-On. Costco classifies all RMs as exempt, and Plaintiffs challenge this classification based on the nature of duties underlying the role of an RM. An examination of the universe of RM duties would show, through common proof, whether a majority of those duties is exempt or non-exempt. If a majority is non-exempt, then the common question of whether RMs are misclassified points to certification if this issue predominates. See Heffelfinger v. Elec. Data Sys. Corp., No. CV 07-00101 MMM (Ex), 2008 WL 8128621, *24 (C.D. Cal. Jan. 7, 2008) ("Where the

underlying question is whether the tasks plaintiffs perform are inherently exempt, courts have found that exemption is properly treated as a common issue.").

However, common resolution of whether RM duties are largely exempt or non-exempt does not in and of itself dictate a finding that this issue predominates.[4] Other issues require examination of individual RM work patterns. On the present record, this case is more like Sepulveda v. Wal-Mart Stores, Inc., 237 F.R.D. 229 (C.D. Cal. 2006), rev'd on other grounds by 275 Fed. Appx. 672 (9th Cir. 2008), than Sav-On. In Sepulveda, plaintiffs argued that Wal-Mart erroneously classified its assistant managers ("AMs") as exempt from California overtime requirements. The Sepulveda plaintiffs made arguments identical to Plaintiffs here, namely, "despite their job titles, the assistant managers actually performed many of the same duties as Defendant's non-exempt employees, and therefore should be classified as non-exempt." Id. at 232.

The court noted that "[t]he principal question of law is which AM duties are properly classified as exempt and which are not. This is a common question that most likely can be answered uniformly for all AMs, based on a finite list of tasks that AMs actually did or were expected to perform." Id. at 247. In contrast, the questions of fact were both common (e.g., whether Wal-Mart had a uniform policy governing AM duties) and individual (e.g., whether each AM spent a majority of his or her time on exempt duties). Id.

The court concluded that AM duties are not susceptible to collective proof because voluminous evidence showed a great deal of variance in AM duties, depending on the characteristics of the store, its workforce, and the surrounding community; the AM's experience; the management structure of the store; and the personal preferences of more

---

[4] Plaintiffs do not appear to argue that every single RM duty is non-exempt. Rather, they focus on certain allegedly exempt duties and argue that the duties are non-exempt. This suggests that after all duties are classified as exempt or non-exempt, the necessary follow-up question is how this determination affects each individual RM. At oral argument Plaintiffs again framed the inquiry as a determination of exempt and non-exempt duties. Plaintiffs' theory is based on the assumption that the generic position of RM will be found universally non-exempt, thus making it unnecessary to reach the follow-up question. Costco has put forth enough evidence at this stage to suggest an inquiry into individual RM duties, including the amount of time spent on exempt and non-exempt duties, will be necessary. While the common legal question as framed by Plaintiffs is the first step of the analysis, focusing solely on this issue will not materially resolve the dispute.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | <u>**SACV 11-00508-JVS (RNBx)**</u> | Date | <u>October 11, 2011</u> |
| Title | <u>**Virginia Velazquez, et al. v. Costco Wholesale Corp., et al.**</u> | | |

senior managers.  <u>Id.</u> at 248.  AM declarations submitted by plaintiffs showed a wide range in how AMs spent their time.  Because some AMs spent more than 50% of their time on exempt tasks, the court concluded there was a strong likelihood that other AMs did the same.  <u>Id.</u>  Whether each AM was exempt depended on individual proof.  While the court noted that "cases may involve far more standardized work policies, more clearly non-exempt duties, and a smaller number of variable factors, rendering them susceptible to the type of collective proof Plaintiffs offer here[,]" this was not such a case.

     Here, while Plaintiffs share a common legal issue, there are many individualized factual issues.  The evidence submitted by both Costco and Plaintiffs suggests that the individual RM work experience varies.  RMs appear to have latitude in performance of their job duties, and differences among warehouses may affect the role of RM (e.g., warehouse size and volume of deliveries and returns; quality and number of hourly receiving employees; union status of warehouse; whether warehouse is "high shrink" aka missing merchandise).  There may also be differences in whether an RM: sometimes acts as a senior warehouse manager; resolves labor disputes in union buildings; has facilities, maintenance, and/or merchandising duties on top of receiving duties; conducts safety meetings; makes supply purchasing decisions for the entire warehouse; and/or is in charge of special projects.  RMs decide where they are going to direct resources and they must be "constantly aware of how the work is flowing, how the pallets are coming in, [and] what issues are arising at the dock."  (Costco Appx. of Evid. Vol. I, Kadue Decl., Ex. A (<u>hereinafter</u> "Trial Tr.") at 31:23-32:5.)  Taking one of the named Plaintiffs as an example, Plaintiff Velazquez testified that she presented safety training to her employees, but she could not delegate her own work.  (<u>Id.</u> at 127:20, 128:5-9.)  She also testified that union and nonunion warehouses operate differently.  (<u>Id.</u> at 143:22-23.)  Moreover, individual RM work schedules varied.  (Opp'n at 16.)

     Turning to the nature of RM work, Plaintiff Berry decided how to direct resources and oversaw safety issues (Trial Tr. 32:2-9) and Plaintiff Velazquez had to oversee RTV operations (<u>id.</u> 128:2-9).  Although Plaintiffs rely heavily on the notion that common proof can be used to demonstrate performance of non-exempt duties, the evidence suggests that the amount of time each RM spent on allegedly non-exempt tasks (e.g., working with inventory) also seems to vary.  Some RMs reportedly spent less than 50% of their time on exempt work, while others spent over 90% of their time on such work.  (<u>Id.</u>, Ex. B at 252:13-253:1; Costco Appx. of Evid. Vol. IV, Ex. 8, Burke Decl. ¶ 10 (90%); Ex. 9, Cox Decl. ¶ 32 (80%); Ex. 10, Darvey Decl. ¶ 15 (85%); Ex. 12, Fitzgerald

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 11-00508-JVS (RNBx)** | Date | October 11, 2011 |
| Title | **Virginia Velazquez, et al. v. Costco Wholesale Corp., et al.** | | |

Decl. ¶ 14 (70%); Ex. 16, Houston Decl. ¶ 15 (95%); Ex. 21, Revo Decl. ¶ 8 (75%); Ex. 22, Richards Decl. ¶ 15 (60% to over 90%); Ex. 15, Holden Decl. ¶ 16 (55% to 85%).) The evidence suggests that RM job duties vary depending on the day. Moreover, individual RMs also seem to have varying experiences based on the number of employees they supervise.

That the Receiving Manual directed every RM to supervise staff, arrange delivery schedules, implement a security system, and train employees does not shed light on whether RMs were not "managers" or whether they were collectively spending half of their time on non-exempt tasks. See Marlo v. United Parcel Service, Inc., 639 F.3d 942, 948 (9th Cir. 2011) ("In particular, the fact that UPS expects FTS to follow certain procedures or perform certain tasks does not establish whether they actually are 'primarily engaged' in exempt activities during the course of the workweek, or whether they 'customarily and regularly exercise[ ] discretion and independent judgment.'") (internal citations omitted).

Instead, the vague nature of these job duties suggests that considerable discretion was left to each RM regarding how to carry out each job function. As such, the inquiry into whether or not an RM is properly classified as exempt becomes individual in nature. See Cruz v. Dollar Tree Stores, Inc., Nos. 07–2050 SC, 07–4012 SC, 2011 WL 2682967, *8 (N.D. Cal. July 8, 2011) (uniform policies and training materials may provide some proof of a common employment experience among class members, but "it does not provide common proof of whether the [managers] were spending more than fifty percent of their time performing exempt tasks.").

In conclusion, at this stage of the proceedings, the first question is a legal question- whether generic RM duties are exempt or non-exempt. This question is amenable to common proof. However, the evidence suggests that a follow-up question- how each RM spends his or her time- will be necessary because it varies based on a host of individual RM and warehouse factors. Because this inquiry turns on individual issues of proof, class treatment would not be proper. See Maddock v. KB Homes, Inc., 248 F.R.D. 229, 243 (C.D. Cal. 2007) ("courts have denied certification of California wage and hour classes based upon a defendant's submission of evidence showing variance in employee duties, and time spent on such duties, depending upon the characteristics of the workplace, the number of employees at that location, the surrounding community, experience of employees, and personal preferences of supervisors."); Jimenez v.

| CV-90 (06/04) | **CIVIL MINUTES - GENERAL** | Page 10 of 11 |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 11-00508-JVS (RNBx)** | Date | October 11, 2011 |
| Title | **Virginia Velazquez, et al. v. Costco Wholesale Corp., et al.** | | |

Domino's Pizza, Inc., 238 F.R.D. 241, 252 (C.D. Cal. 2006) ("[T]he predominating issue in this case is the actual mix of duties worked which entails a need to conduct an individual inquiry for each class member. Thus, while Sav-On holds that the need for individual query does not necessarily preclude certification where issues that can be determined on a class basis predominate, that is not the present record.")

      2.      Superiority of Class Action

Rule 23(b)(3) also requires that a class action be the superior means of resolving the case. Fed. R. Civ. P. 23(b)(3). Under this factor, courts consider four factors: "(1) the interest of each class member in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against the class; (3) the desirability of concentrating the litigation of the claims in a particular forum; and (4) the difficulties likely to be encountered in the management of a class action." Edwards v. City of Long Beach, 467 F. Supp. 2d 986, 992 (C.D. Cal. 2006).

Because the Court finds that individual issues predominate over common issues, it is not necessary to address whether a class action is the superior vehicle for adjudicating Plaintiffs' claims. It is worth noting, however, that the difficulties in managing a class action such as this would be great because countless individual witnesses would be needed, resulting in mini-individual trials within a class trial. This scenario is contrary to the purpose of class actions.

IV.    Conclusion

For the foregoing reasons, the Court grants Costco's motion to deny class certification (Doc. No. 30) and the denies Plaintiffs' motion for class certification (Doc. No. 28.).

| | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | kjt | | |